UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PAMELA S. SILVEY, et al., | CASE NO. C-1-01-164 |
| Plaintiffs, | JUDGE HERMAN J. WEBER |
| v. | JUDGE BARBARA JACOBS ROTHSTEIN (MDL CASE NO. 1407) |
| SMITHKLINE BEECHAM CORP., | |
| Defendant. | **JOINT STATUS REPORT AND PROPOSED SCHEDULING ORDER** |

Pursuant to this Court's Order of April 28, 2004, the parties have met and conferred regarding this matter, and now submit the following Joint Status Report and Proposed Scheduling Order.

I.  **JOINT STATUS REPORT**

This pharmaceutical product liability action was originally filed by plaintiffs Pamela and Kenneth Silvey in the United States District Court, Southern District of Ohio (Cincinnati) on March 19, 2001. There is one defendant, SmithKline Beecham Corp. On September 27, 2001 this Court entered a stay of proceedings, and shortly thereafter this case was transferred to the United States District Court, Western District of Washington for multi-district litigation consolidated pretrial proceedings. (MDL No. 1407). Discovery proceeded in the MDL, and this matter was remanded by an Order/Suggestion of Remand signed by Judge Barbara Jacobs Rothstein of the Western District of Washington at Seattle, filed with this Court on March 16, 2004.

**Error! Reference source not found.**

## II. PROPOSED SCHEDULING ORDER

The parties jointly submit their views on the following:

1) Whether the parties have complied with Rule 26(f) of the Federal Rules of Civil Procedure and, if not why;

**These procedures have been accomplished through the MDL.**

2) What limitations should be imposed upon discovery;

**Case-specific expert discovery remains to be completed, and limited fact discovery may be permitted consistent with the MDL Court's Final Pretrial Order. Generic expert discovery has been conducted in the MDL proceedings.**

3) Whether a protective order is necessary and, if so, the parties shall draft an agreed protective order for the Court's review which shall be subject to the Court's continuing jurisdiction;

**A protective order was entered in the MDL proceedings.**

4) Whether the parties will consent to the jurisdiction of the Magistrate Judge or if other alternative dispute resolution would be appropriate;

**The parties decline to consent to the jurisdiction of the Magistrate Judge at this time. Alternative dispute resolution in the form of mediation is currently being scheduled by the parties, pursuant to the MDL procedures.**

5) Whether the suggestion of a complex case should be made;

**At this time, the plaintiffs do not believe that the suggestion of a complex case should be made. The defendant does request that this case be deemed complex litigation.**

6) The appropriateness and timing of summary adjudication under Fed. R. Civ. P. 12(b)(1) through (7);

**The parties do not anticipate any motions pursuant to Fed.R.Civ.P. 12(b)(1) through (7) at this time.**

3

**Error! Reference source not found.**

      7) The appropriateness and timing of summary adjudication under Fed. R. Civ. P. 56;

**The parties request that a dispositive motion deadline be set as indicated below, in the event that any Rule 56 motions are required.**

      8) The appropriateness of submitting a RICO statement;

**The parties do not anticipate the need for a RICO statement at this time.**

      9) The appropriateness of remand pursuant to 28 U.S.C. 1447 in removal cases; and

**The parties do not anticipate remand pursuant to 28 U.S.C. 1447.**

      10) The need for jury trial or trial to the bench.

**Both parties request a trial by jury, made up of the maximum number of jurors allowable.**

The plaintiffs and defendant have conferred and have attempted to resolve the pretrial scheduling issues, but have some differing views. The parties' respective requests for a pretrial scheduling order are as follows:

      1) The cut-off for joining other parties and amendments of the pleadings;

**The parties do not anticipate joining other parties or amending pleadings at this time. Plaintiffs assert that the time for such actions has expired.**

      2) The dates the parties will comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure;

<u>**Plaintiffs suggest:**</u>  **Plaintiff experts due 8/15/04, with defense experts due 9/15/04**

<u>**Defendant suggests:**</u>  **Plaintiff experts due 7/15/04, with defense experts due 10/1/04**

4

**Error! Reference source not found.**

   3) The discovery cut-off date;

  **Plaintiffs suggest:** **November 15, 2004, but suggest that a later date may be necessary if expert deadlines proposed by defendant are followed.  Defendant agrees with November 15, 2004.**

   4) The date by which the parties shall file a joint status report;

  **Plaintiffs suggest:** **November 1, 2004.  Defendant agrees with November 1, 2004.**

   5) The date for filing all dispositive pre-trial motions;

  **Plaintiffs suggest:** **December 15, 2004, but suggest a later date may be necessary if expert deadlines proposed by defendant are followed.  Defendant agrees with December 15, 2004.**

   6) The date for filing a proposed Joint Final Pre-Trial Order;

  **Plaintiffs suggest:** **February 15, 2005.  Defendant agrees with February 15, 2004.**

   7) The date the parties believe they will be ready for trial.

  **Plaintiffs suggest:** **End of March of 2005 or April of 2005, in order to give the Court adequate time to rule on dispositive motions and according to the availability in the Court's schedule.  Defendant agrees with end of March of 2005 or April of 2005.**

### III. ADDITIONAL COMMENTS

  Plaintiffs submit that because all fact discovery and all general causation discovery and generic reports have been completed pursuant to the MDL procedures, the only issues remaining herein are specific causation and perhaps an economic damages expert.  Therefore, plaintiffs believe that the schedule proposed by plaintiffs should easily accommodate those matters.

  Defendant does not agree with the above paragraph, and asserts that the "remaining issues" are set forth in the MDL Final Pretrial Order.  However, the only dates proposed by

5

**Error! Reference source not found.**

plaintiffs with which the defendant *disagrees* are the time interval between plaintiff and defense expert reports.  Defendant asserts that the interval between plaintiff and defense expert reports should be at least seventy-five (75) days, in order to give defendant fair opportunity to rebut any case-specific medical claims raised by plaintiff.  Defendant asserts that it would be grossly unfair to allow plaintiffs in excess of 90 days to produce their case-specific expert reports (i.e. from now until August 15, 2004), while permitting defendant only thirty (30) days thereafter to rebut those experts with defense expert reports.

Respectfully submitted,

| /s/ BEVERLY HAYES PACE | /s/ ROBERT C. TUCKER |
|---|---|
| BEVERLY HAYES PACE<br>  email:  bpace@lopez-hodes.com<br>JANET GILLIGAN ABARAY<br>  email:  jabaray@lopez-hodes.com<br>**LOPEZ HODES RESTAINO MILMAN & SKIKOS**<br>312 Walnut Street<br>Suite 2090<br>Cincinnati, OH 45202<br>Telephone:  (513) 852-5600<br>Telefax:      (513) 852-5611<br><br>*Attorneys for Plaintiffs* | ROBERT C. TUCKER, Trial Attorney (0013098)<br>  email:  rtucker@tuckerellis.com<br>EDWARD E. TABER (0066707)<br>  email:  etaber@tuckerellis.com<br>**TUCKER ELLIS & WEST LLP**<br>1150 Huntington Building<br>925 Euclid Avenue<br>Cleveland, OH 44115<br>Telephone:   (216) 592-5000<br>Telefax:        (216) 592-5009<br><br>*Attorneys for Defendant*<br>*SmithKline Beecham Corporation* |

**Error! Reference source not found.**

## PROOF OF SERVICE

I hereby certify that on this 12th day of May 2004, the foregoing *Joint Status Report And Proposed Scheduling Order* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

 BEVERLY HAYES PACE
 JANET GILLIGAN ABARAY
 LOPEZ HODES RESTAINO
  MILMAN & SKIKOS
 312 Walnut Street
 Suite 2090
 Cincinnati, OH 45202

*Attorneys for Plaintiffs*


/s/ ROBERT C. TUCKER

ROBERT C. TUCKER, Trial Attorney (0013098)
EDWARD E. TABER (0066707)

*Attorneys for Defendant*
*SmithKline Beecham Corporation*