IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PAMELA S. SILVEY, et al. : | Case No. C-1-01-164 |
| Plaintiffs, : | Judge Herman J. Weber |
| vs. : | |
| SMITHKLINE BEECHAM CORP., : | |
| Defendant. : | |

**MOTION TO QUASH SUBPOENA,
FOR PROTECTIVE ORDER,
AND FOR SANCTIONS**

Pursuant to Fed. R. Civ. P. 45(c), Plaintiffs hereby move Court to quash Defendant's subpoena recently served upon Laura Sauerbeck, R.N. on September 3, 2004. (See Ex. A) The subpoena requiring Ms. Sauerbeck to appear for deposition and/or produce documents does not allow a reasonable time to comply or respond, subjects Ms. Sauerbeck to undue burden, and is in violation of the MDL Court's previous orders restricting discovery in this case. Plaintiffs further request that the Court enter a protective order preventing Defendant from making any future attempts to depose Ms. Sauerbeck or require her to produce records in this case. Finally, Plaintiffs move the Court for an award of attorneys' fees and expenses associated with this motion, and for any other sanctions the Court may deem appropriate.

This motion is supported by the attached Memorandum of Law.

Respectfully submitted,

**/s/ Calvin S. Tregre, Jr.**
Janet G. Abaray (0002943)
Beverly H. Pace (0037534)
Calvin S. Tregre, Jr. (0073454)
**LOPEZ, HODES, RESTAINO,**
**MILMAN & SKIKOS**
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611(fax)
jabaray@lopez-hodes.com
bpace@lopez-hodes.com
ctregre@lopez-hodes.com
ATTORNEYS FOR PLAINTIFFS

2

**MEMORANDUM OF LAW**

I.   **Factual Background**

On September 3, 2004, just this past Friday, Defendants served a "Notary Subpoena *Duces Tecum*" upon Laura Sauerbeck, R.N. (See Ex. A.) The subpoena purports to require that Ms. Sauerbeck appear tomorrow, September 10, 2004 to give deposition testimony and/or to produce to Defendants' counsel all records pertaining to Ms. Silvey's involvement in any medical studies in which Laura Sauerbeck or Dr. Joseph Broderick participated. Plaintiffs just received a copy of the subpoena in the mail yesterday, September 8, 2004.

Laura Sauerbeck is a registered nurse at the University of Cincinnati and was one of the clinical research nurses involved in the Hemorrhagic Stroke Study. During Ms. Silvey's hospitalization for her stroke, Ms. Sauerbeck interviewed Ms. Silvey and/or her husband regarding Ms. Silvey's use of PPA containing over the counter products. Ms. Sauerbeck completed a questionnaire for Ms. Silvey and she was included in the Hemorrhagic Stroke Study. Apparently, Ms. Silvey was also observed or interviewed to be included in a study involving genetic and environmental risk factors for stroke.

Ms. Sauerbeck has already been deposed at length by the PPA defendants in the MDL proceedings, and Defendant in this specific case deposed Ms. Sauerbeck once again on March 13, 2003.

II.  **Argument**

Defendant's subpoena should be quashed as improper pursuant to Rule 45(c) of the Federal Rules of Civil Procedure for several reasons. First, the form of Defendant's subpoena fails to comply with the requirements of the Federal Rules of Civil Procedure. Rule 45(a)(2) requires that:

3

> All subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken. If separate from a subpoena commanding the attendance of a person, a subpoena for production or inspection shall issue from the court for the district in which the production or inspection is to be made.

Rule 45(a)(3) requires:

> The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service. An attorney as officer of the court may also issue and sign a subpoena on behalf [the court].

In this case, Defendant's subpoena was not issued from the Southern District of Ohio and was not signed by the clerk or by counsel for Defendant. Instead, the subpoena was issued by Spangler Reporting Services, Inc. and was signed by a notary public. The subpoena should be quashed for these reasons alone.

Second, even if Defendant's subpoena were in proper form, it still should be quashed because it fails to allow reasonable time to comply or object to in violation of Fed. R. Civ. P. 45(c)(3)(A)(i). The subpoena was just served on September 3, 2004 and required Ms. Sauerbeck's attendance or document production by September 10, 2004, thereby allowing only 7 days to comply or object. The Federal Rules require a reasonable amount of time to comply a subpoena and Rule 45 (c)(2)(B) affords 14 days to object to a subpoena.

Third, Defendant's subpoena is improper, because it unreasonably subjects Ms. Sauerbeck to undue burden as proscribed by Rule 45(c)(3)(A)(iv). The PPA defendants have already deposed Ms. Sauerbeck at length in the MDL proceedings. Defendant in this case then deposed her once again on March 13, 2003. Defendant's deposition notice served in March of 2003 requested all information pertaining to the Hemorrhagic Stroke Study and the Genetic and Environmental Risk Factors Study. (See Ex. B.)

Now, over one year later, Defendant is requesting the same information. But there is nothing more Ms. Sauerbeck can offer through discovery in this case.

In fact, Defendant's subpoena violates the MDL Court's previous order, which the MDL Court specifically prohibited Defendant from engaging in any further discovery concerning Ms. Sauerbeck with the exception of discovery pertaining to the Hemorrhagic Stroke Study. Defendant acknowledged these restrictions during Ms. Sauerbeck's deposition. (See Ex. C, Excerpt from Sauerbeck depo at p. 46.) Now, over a year later, Defendant seeks to depose Ms. Sauerbeck once again and/or require her to produce the same documents previously requested by Defendants. For all of these reasons, Defendant's subpoena should be quashed.

Furthermore, in light of the possibility that Defendant intends to cure any of the procedural defects with its subpoena and serve another subpoena upon Ms. Sauerbeck, and in light of the MDL Court's previous order prohibiting Defendant from requesting further discovery from Ms. Sauerbeck, Plaintiffs respectfully move the Court for a protective order prohibiting Defendant from attempting to depose or request documents from Ms. Sauerbeck in the future. For the reasons discussed above, <u>any</u> attempt to do so is improper.

Finally, pursuant to Rules 45(c)(1), Rule 37, and/or Rule 11 of the Federal Rules of Civil Procedure, Plaintiffs move the Court for attorney's fees, costs associated with responding to Defendant's subpoena, and for any other sanctions the Court deems appropriate. Plaintiffs respectfully submit that Defendant has not complied with the Federal Rules by continuing to set unreasonable dates and times for depositions and/or or document productions without informing opposing counsel or attempting to obtain

mutually agreeable dates. Plaintiffs contend that by continuing to pursue discovery from Ms. Sauerbeck, serving a subpoena upon her that allows little to no time to respond, requesting information that was requested over a year ago, and by violating the previous rulings of the MDL Court, that Defendant is harassing Ms. Sauerbeck and is unnecessarily creating emergency situations during discovery.

### III.  Conclusion

For all the foregoing reasons, Plaintiffs' respectfully request that this Honorable Court grant their Motion to Quash, for Protective Order, and for Sanctions.

Respectfully submitted,

**/s/ Calvin S. Tregre, Jr.**
Janet G. Abaray (0002943)
Beverly H. Pace (0037534)
Calvin S. Tregre, Jr. (0073454)
**LOPEZ, HODES, RESTAINO,**
**MILMAN & SKIKOS**
312 Walnut Street, Suite 2090
Cincinnati, OH 45202
(513) 852-5600
(513) 852-5611(fax)
jabaray@lopez-hodes.com
bpace@lopez-hodes.com
ctregre@lopez-hodes.com
ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of September, 2004, a true and correct copy of the foregoing was electronically filed with the Clerk and was served via electronic mail service through the Clerk via Email and/or ordinary U.S. mail delivery on the following:

Robert C. Tucker, Esq.
Edward E. Taber, Esq.
TUCKER, ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH 11002

**Counsel for Defendant, SmithKline Beecham Corporation**

                    **/s/ Calvin S. Tregre, Jr.**
                    Calvin S. Tregre, Jr.