**E**

# ARTER & HADDEN LLP

ATTORNEYS AT LAW

*founded 1843*

Cleveland
Columbus
Dallas
Dayton
Irvine
Los Angeles

1100 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1475

*telephone* 216.696.1100
*facsimile* 216.696.2645

San Diego
San Francisco
Washington, D.C.
Woodland Hills
*Affiliate Office*
Geneva, Switzerland

Direct Dial: 216.696.2565
Email: Edward.Taber@ArterHadden.com

January 13, 2003

**VIA FACSIMILE:  (513) 852-5611**

Calvin S. Tregre, Jr., Esq.
Lopez, Hodes, Restaino,
 Milman, Skikos & Polos
312 Walnut Street, Suite 2090
Cincinnati, Ohio  45202

Re:     *Pamela S. Silvey, et al. v. SmithKline Beecham Corporation*
        U.S.D.C., Southern District of Ohio, Western Division
        Case No. C-1-01-164 / Judge Herman J. Weber

Dear Calvin:

Thank you for your recent letter pertaining to Ken Silvey's deposition and the letter and any other materials from the clinical trial that Ms. Silvey referenced in her deposition.  I look forward to receiving a copy of those materials that Ms. Silvey identified that had been sent to her by a physician conducting a clinical trial, possibly Dr. Broderick.

With regard to Ken Silvey's deposition, I will be in Cincinnati on Wednesday, January 22, 2003.  I have the entire morning open, and it would be exceptionally convenient if we could do his deposition on that morning, perhaps beginning no later than 9:00 a.m.  Please let me know if this time will work for you, and, if so, I will make all the necessary court reporting arrangements.

In terms of records and materials that we may utilize during Mr. Silvey's deposition, please be advised that I reserve the right to use any of the exhibits that were utilized during Ms. Silvey's deposition, any of Ms. Silvey's employment records, any of her medical records from Good Samaritan Hospital, her clinical trial study, Dr. Longshore, Dr. Sway, or any of her employment records from Nutone, in addition to any public records referencing prior civil or criminal litigation in which Mr. Silvey was involved (as discussed during Ms. Silvey's deposition).

In addition, please have both Silveys execute the I.R.S. authorization for release of records that I provided at Ms. Silvey's deposition, so that I can procure their income tax records.

# ARTER & HADDEN LLP

Calvin S. Tregre, Jr., Esq.
January 13, 2003
Page 2


Thank you again for your consideration, and I look forward (hopefully) to seeing you on Wednesday, January 22nd.

Very truly yours,

Edward E. Taber

EET/vmv

cc:    Beverly H. Pace, Esq.
       Robert C. Tucker, Esq.



# ʌRTER & HADDEN ʟʟ

### ATTORNEYS AT LAW

*founded 1843*

Cleveland
Columbus
Dallas
Dayton
Irvine
Los Angeles

1100 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1475

*telephone* 216.696.1100
*facsimile* 216.696.2645

San Diego
San Francisco
Washington, D.C.
Woodland Hills
*Affiliate Office*
Geneva, Switzerland

Direct Dial: 216.696.2365
Email: Edward.Taber@ArterHadden.com

January 14, 2003

Calvin S. Tregre, Jr., Esq.
Lopez, Hodes, Restaino,
 Milman, Skikos & Polos
312 Walnut Street, Suite 2090
Cincinnati, Ohio 45202

Re: *Pamela S. Silvey, et al. v. SmithKline Beecham Corporation*
U.S.D.C., Southern District of Ohio, Western Division
Case No. C-1-01-164 / Judge Herman J. Weber
MDL # 1407

Dear Calvin:

Under the MDL guidelines promulgated by Judge Rothstein, I understand that it is the defendant's option to bring any deficiencies in the Plaintiff's Facts Statement ("PFS") to your attention. During Ms. Silvey's deposition, it became apparent, for the first time, that there were several other medical providers with whom she has treated in the past who were not identified in the PFS that was provided. Given this circumstance, I have enclosed five more blank authorizations that will permit me to procure the missing medical records. I would greatly appreciate it if you could have Ms. Silvey execute these authorizations and return same to me at your earliest convenience, along with an updated PFS.

Judge Rothstein's recent order has allowed for an extension of the time to conduct fact discovery in local jurisdictions based on incomplete responses in a PFS. While I certainly am not suggesting any conscious omission from the PFS on the part of plaintiff's counsel, it does appear that we now know of certain deficiencies in the PFS, which will allow an extension of the time to conduct fact discovery in this case. Under MDL Case Management Order No. 6, the deadlines for case-specific fact discovery do not begin to run until a substantially <u>complete</u> PFS is received by defense counsel.

I trust that this arrangement is acceptable to your firm, and I will assume that is the case unless I hear otherwise.

# ARTER & HADDEN LLP

Calvin S. Tregre, Jr., Esq.
January 14, 2003
Page 2

   Thank you again for your assistance with this matter, and I look forward to seeing you in the near future for Ken Silvey's deposition.

                                          Very truly yours,

                                          Edward E. Taber

EET/vmv
Enclosure

cc:    Beverly H. Pace, Esq.
       Robert C. Tucker, Esq.

G

# LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS

### A LAW CORPORATION

312 WALNUT STREET • SUITE 2090 • CINCINNATI, OH 45202
TELEPHONE / 513.852.5600    FACSIMILE / 513.852.5611

January 24, 2003

<u>Via Fax (216) 696-2645 and U.S. Mail</u>

Edward E. Taber, Esq.
Arter & Hadden LLP
1100 Huntington Building
925 Euclid Avenue
Cleveland, Ohio 44115-1475

Re:    *Pamela S. Silvey, et al. v. SmithKline Beecham Corporation*
U.S. District Court W.D. Washington at Seattle, MDL Docket No. 1407
(U.S. District Court S.D. Ohio, Western Division, Case No. C-1-01-164)

Dear Ed:

Thank you for your January 14, 2003 letter, wherein you requested additional medical authorizations and an updated version of Ms. Silvey's PFS. I indicated to you at the conclusion of Ken Silvey's deposition that I would be getting back with you soon regarding the additional medical authorizations. This letter will confirm that I have sent the authorizations to Ms. Silvey for her signature and are waiting for them to be returned to our office.

Before I forward the medical authorizations to you, however, please kindly identify the additional medical care providers that you contend were not originally identified in Ms. Silvey's PFS. I would like to be able to determine whether these providers should have originally been included in the PFS. Also, it is not clear from your letter whether you believe there are other deficiencies in the PFS, or if you are referring solely to medical care providers. Therefore, please also identify with specificity any additional deficiencies you believe exist with Ms. Silvey's PFS. As soon as I am aware of your specific concerns, I will be able to better assess whether or how to update the PFS, as well as whether an extension to the deadlines for case-specific fact discovery is warranted.

NEWPORT BEACH        SAN FRANCISCO        MINNEAPOLIS        CINCINNATI        SACRAMENTO

# LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
### A LAW CORPORATION

**Ed Taber, Esq.**
**January 24, 2003**
**Page Two**


I do appreciate your understanding, and please do not hesitate to call should you have any questions or concerns.

Very truly yours,

LOPEZ, HODES, RESTAINO,
MILMAN & SKIKOS

Calvin S. Tregre, Jr.

CST:baw

cc:    Beverly H. Pace, Esq.
       Reena R. Landwehr



**H**

# RTER & HADDEN LLP

### ATTORNEYS AT LAW

*founded 1843*

| | | |
|---|---|---|
| Cleveland | 1100 Huntington Building | San Diego |
| Columbus | 925 Euclid Avenue | San Francisco |
| Dallas | Cleveland, Ohio 44115-1475 | Washington, D.C. |
| Dayton | | Woodland Hills |
| Irvine | *telephone* 216.696.1100 | *Affiliate Office* |
| Los Angeles | *facsimile* 216.696.2645 | Geneva, Switzerland |

Direct Dial: 216.696.2365
Email: Edward.Taber@ArterHadden.com

February 17, 2003

**VIA FACSIMILE: (513) 852-5611**
**AND REGULAR U.S. MAIL**

Calvin S. Tregre, Jr., Esq.
Lopez, Hodes, Restaino,
Milman, Skikos & Polos
312 Walnut Street, Suite 2090
Cincinnati, Ohio 45202

Re:   *Pamela S. Silvey, et al. v. SmithKline Beecham Corporation*
U.S.D.C., Southern District of Ohio, Western Division
Case No. C-1-01-164 / Judge Herman J. Weber
MDL # 1407 - Judge Barbara Jacobs Rothstein

Dear Calvin:

Thank you for your letter of January 24, 2003, responding to my prior letter dated January 14, 2003 wherein defendant requested a more complete PFS and an accompanying extension of the fact discovery cut-off in this case, as provided by MDL Case Management Order No. 6 and Judge Rothstein's November, 2002 Order.

I also thank you for forwarding the most recent set of medical authorizations to Ms. Silvey for her signature, and I await executed copies of same.

In your January 24, 2003 letter, you asked that we identify the additional medical care providers that were omitted from the original PFS submitted on behalf of the Silveys. As you requested, we have undertaken a detailed comparison of Mr. and Mrs. Silvey's deposition testimony, compared same with the original PFS, and come up with the following list of medical providers that were not identified on the original PFS:

1)   Armando A. Cortez, M.D.
2450 Kipling, Suite 112-A
Cincinnati, Ohio 45255

RTER & HADDEN LLP

Calvin S. Tregre, Jr., Esq.
February 17, 2003
Page 2

2) Northside Clinic
   3917 Spring Grove Avenue
   Cincinnati, Ohio  45223

3) Bethesda Care - Norwood
   4594 Montgomery Road
   Cincinnati, Ohio  45212

   Bethesda Care - Norwood
   4460 Montgomery Road
   Cincinnati, Ohio  45212

   Bethesda Care
   336 Gest Street
   Cincinnati, Ohio  45203

4) Christ Hospital
   2139 Auburn Avenue
   Cincinnati, Ohio  45219

5) University Hospital
   234 Goodman Street
   Cincinnati, Ohio  45267

6) Harlan Arh Hospital
   81 Ball Park Road
   Harlan, Kentucky  40831

7) Edward J. Severyn, M.D.
   4044 McLean Drive
   Cincinnati, Ohio  45255

8) Stephen D. Heis, M.D.
   Janalee K. Rissover, M.D.
   8000 Five Mile Road, Suite 340
   Cincinnati, Ohio  45255

9) Maria K. Bathori, M.D.
   1540 West Northbend Road
   Cincinnati, Ohio  45224

RTER & HADDEN LLP

Calvin S. Tregre, Jr., Esq.
February 17, 2003
Page 3

    10)   Ron M. Koppenhoefer, M.D.
              415 Straight Street, Suite 208
              Cincinnati, Ohio 45219

    11)   Thomas A. Bender, M.D.
              3345 Whitfield Avenue
              Cincinnati, Ohio 45220

    12)   Ted Altenau, M.D.

    13)   Joseph P. Broderick, M.D.
              Aring Neurology Center
              222 Piedmont Avenue, #3200
              Cincinnati, Ohio 45219

    14)   Michael Grau, DDS
              2752 Erie Avenue, Suite 4
              Cincinnati, Ohio 45208

    15)   Wayne J. Farber, DDS
              4338 Montgomery Road
              Cincinnati, Ohio 45212

    16)   James F. Rice, M.D.

You also inquired in your January 24, 2003 letter as to whether defendant was aware of any additional items left out of the original PFS for the Silveys. To some extent, this request unfairly places the burden on the defendant of knowing facts which are more appropriately the obligation of plaintiff's counsel to elicit from the Silveys and disclose in the PFS. However, in the spirit of good faith discovery, we have identified the following additional deficiencies in the original PFS:

    1)   Plaintiff's PFS did not disclose or include the very significant correspondence from Dr. Joseph Broderick, M.D. to Pamela Silvey, dated November of 1999, referencing her participation in a clinical trial investigating the cause of her stroke, nor was such participation otherwise referenced in her PFS;

    2)   Plaintiff's PFS did not include any case records relative to her participation in one or more clinical trials conducted by Joseph Broderick, M.D.;

## RTER & HADDEN LLP

Calvin S. Tregre, Jr., Esq.
February 17, 2003
Page 4

3)  Plaintiff's PFS did not include any information, in response to question "Q", relative to Kenneth Silvey's criminal history;

4)  Ms. Silvey's response to Section VII (B) of her PFS, relative to past use of cough and cold medications, did not include the multitude of other such products described in her deposition;

5)  Ms. Silvey's response did not include the PPA-product newspaper clippings that she identified in her deposition;

6)  Ms. Silvey's PFS omitted one or more of her residences within the last ten years.

We deem the omitted items set forth above to constitute a material deficiency in plaintiff's original PFS, which triggers an extension of the fact discovery cut-off for this case as provided by CMO No. 6 and Judge Rothstein's November, 2002 Order. We renew our request for an updated PFS at your earliest convenience, and trust that such an extension of the discovery cut-off is acceptable to the plaintiffs as well.

Thank you for your ongoing assistance with these discovery matters.

Very truly yours,

Edward E. Taber

EET/vmv
Enclosure

cc:    Beverly H. Pace, Esq.
       Robert C. Tucker, Esq.