# EXHIBIT G

Westlaw.

Not Reported in N.E.2d
1989 WL 95259 (Ohio App. 9 Dist.)
(Cite as: 1989 WL 95259 (Ohio App. 9 Dist.))

Page 1

**H**
Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Ninth District, Summit County.

Michael MITTEN, et al., Plaintiffs-Appellants,
v.
SPARTAN WHOLESALERS, INC., et al., Defendants-Appellees.

No. 13891.

Aug. 16, 1989.

Appeal From Judgment Entered in the Common Pleas Court County of Summit, Ohio. Case No. CV 85 5 1517.

Joseph Albrechta, Toledo, for plaintiffs.

Robert Gary, Lorain, for plaintiffs.

Karen Doty, Akron, for defendants.

Rita Bartnik, Cleveland, for defendants.

*DECISION AND JOURNAL ENTRY*

*1 This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:

BAIRD, Judge.

Three employees were severely injured while manufacturing fireworks. The employees were mixing two chemical powders in an enclosed structure. A vacuum device, adapted for use and located outside the structure, malfunctioned. The malfunction apparently caused what the employees term as a deflagration.

Several causes of action were brought against multiple defendants. Two defendants supplied chemicals to the employer, Spartan Wholesalers. The employees claim that the chemicals supplied were defective in that the label warnings were inadequate. After discovery, the trial court granted summary judgment, finding that the chemical suppliers had no duty to warn these employees of dangers which the employees were aware, and the label warnings could not have directly and proximately caused the employees' injuries.

The trial court consolidated employee Mitten's case with the case of employees Lynch and Davenport. On appeal, Mitten submits separate assignments of error. The two chemical suppliers, Hummel Chemical Co. and U.S. Bronze Powders, Inc., each respond.

In reviewing the employees' numerous assignments of error, the four issues raised are duty to warn, warning inadequacy, assumption of the risk, and proximate cause. The trial court based summary judgment on the lack of duty to warn and proximate cause, only commented on warning adequacy, and did not discuss assumption of the risk.

*LYNCH'S ASSIGNMENTS OF ERROR*
"I. The trial court failed to apply correct strict liability analysis.

"II. The trial court improperly applied a negligent analysis in its opinion.

"VII. The trial court failed to give all inferences and weigh the facts in this motion for summary [sic] on the issues of defect and proximate causation most strongly in favor of plaintiffs.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d
1989 WL 95259 (Ohio App. 9 Dist.)
**(Cite as: 1989 WL 95259 (Ohio App. 9 Dist.))**

Page 2

"VIII. The trial court failed to give the plaintiffs a rebuttable presumption of proximate cause after plaintiffs proof of inadequate warnings."

*MITTEN'S ASSIGNMENTS OF ERROR*

"V. The failure of an employer to adequately warn its employees is not an intervening or superseding cause where the supplier of dangerous products has not provided adequate warnings or directions for the safe use of the dangerous product to the employer.

"VII. A manufacturer or wholesaler who does not warn its customer of the dangerous properties of the product is strictly liable for all injuries resulting from such failure to warn."

The employees repeatedly assert that the strength of their defective product claim lies in strict liability analysis. Their theory relies upon the inadequate warning claim to overcome a summary judgment motion because that claim gives rise to inferences and presumptions of proximate causation. Following the employees' argument to its logical conclusion, once a strict liability claim for failure-to-warn is asserted, the factual question of adequacy is raised and summary judgment is not proper.

*2 Civ.R. 56(C) sets forth the evidence a trial court may consider, and mandates summary judgment if that evidence fails to establish an essential element for which the nonmoving party has the burden of proof. "Civ.R. 56 is often incorrectly cited to stand for the proposition that the moving party must always negate the opponent's claim." *Hodgkinson v. Dunlop Tire & Rubber Corp.* (1987), 38 Ohio App.3d 101.

The employees failed to establish a causal connection between the inadequacy of the warnings and their injuries. Each injured employee testified in deposition that he either did not see or did not read the warning labels. Lynch also stated in his affidavit that he saw the labels, but the affidavit indicates that he did not read those labels. The label warnings were not established as a cause of these employees exposing themselves to serious injury.

The presumption of proximate cause upon which employees rely was discussed in *Seley v. G.P. Searle & Co.* (1981), 67 Ohio St.2d 192, 200. The Ohio Supreme Court divided proximate causation analysis, as it relates to failure-to-warn cases, into a two-fold approach. First, one must determine if the lack of adequate warning contributed to the injured party being exposed to the product. Second, one must determine if exposure to the product constitutes a proximate cause of the injury. *Id.* Where no warning is given, or where the warning is inadequate, a rebuttable presumption arises that the failure to adequately warn was a proximate cause of the injured party being exposed to the product. *Id.*

As in *Seley,* the facts in the case *sub judice* are sufficient to rebut the presumption. An adequate warning would have made no difference in the employees' decision to expose themselves to these products. The evidence conclusively shows that the employees relied upon representations of the employer, not the warning labels.

The employees propose that an adequate warning would have prevented their employer from exposing them to these products.

The proposal requires unnecessary speculation because the employer's conduct is not an element which employees need to prove in their claim against the chemical suppliers. Indeed, speculation permits an assumption the employer was adequately warned and proceeded to expose employees to the products despite such warning.

The employees also support the proximate cause element of their claim with an expert's affidavit. The expert states that after review of the product information, affidavits, and depositions in this case, she formed the opinion that the information and warnings were inadequate, and one of the proximate causes of employees' injuries. This affidavit might support the employees' inadequacy claim, but the expert does not suggest how a warning that is not read is causally connected to the employees' injuries.

"Courts have had difficulty in distinguishing negligence claims from those based on strict liability where the sole defect for Section 402 A purposes is asserted to be lack of adequate warnings." *Id.* at 199. This case does not require

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d
1989 WL 95259 (Ohio App. 9 Dist.)
**(Cite as: 1989 WL 95259 (Ohio App. 9 Dist.))**

Page 3

such distinction for purposes of reviewing the summary judgment. In both negligence and strict liability analysis, the party bringing the claim must establish proximate causation. The trial court considered the allowable evidence pursuant to Civ.R. 56 and found no proof of proximate cause. The trial court did not err in granting summary judgment.

*LYNCH'S ASSIGNMENT OF ERROR III*
*3 "The trial court improperly determined that there was no duty to warn."

*MITTEN'S ASSIGNMENTS OF ERROR*

"I. A manufacturer or wholesaler has an obligation to provide to its customers adequate warnings of the dangerous propensities of the products it sells.

"II. A manufacturer or wholesaler has an obligation to provide to its customers adequate directions for the safe use of the products it sells.

"III. A manufacturer or wholesaler of dangerous products has an obligation to provide to its customers adequate directions for the safe use of the products it sells.

"IV. A manufacturer or wholesaler of dangerous products has an obligation to provide to its customers adequate warnings of the dangerous propensities of the products it sells."

The trial court determined that the chemical suppliers had no duty to warn these employees. That determination was based upon the general knowledge that manufacturing fireworks may be a dangerous process. The work area was designed to prevent sparks and fire. Also, each employee admitted in their deposition that while manufacturing fireworks, an explosion was possible. This court has stated that warnings are not always required in order to prevent a product from being unreasonably dangerous if the potential danger is generally known and obvious. *Taylor v. Yale & Towne Mfg. Co.* (1987), 36 Ohio App.3d 62, 65.

The trial court's determination was not necessary as a basis for summary judgment. Assuming the employees presented evidence sufficient to raise a factual dispute concerning the duty to warn, the employees' claim remains deficient for the reasons previously discussed.

*LYNCH'S ASSIGNMENTS OF ERROR*

"IV. The trial court failed to determine whether the products were defective by virtue of inadequate warnings.

"V. The trial court improperly weighed the evidence and found that the U.S. Bronze Powers warnings were adequate.

"VI. The trial court improperly weighed the evidence and found that the Hummel Chemical Company warnings were adequate."

*MITTEN'S ASSIGNMENTS OF ERROR*

"VIII. There is no testimony that the warnings allegedly provided to the employer, Spartan, by U.S. Bronze were adequate.

"IX. There is no testimony that the defendant Hummel ever provided any warnings directly to the employer Spartan. All Hummel did was to apply labels to the drums in which the Potassium Perchlorate was located.

"X. The trial courts position seem to be that these defendants did what was customary in the trade and that such is good enough whether it is adequate or not. Such is not the law. Evidence of custom in the trade is not evidence of due care. On the contrary it is usually evidence of a lack of due care."

The employees present a conflict within their assignments of error. They suggest this court find the trial court erred in not determining whether the warnings were adequate, and also that the trial court erred in finding the warnings were adequate.

*4 This court has thoroughly reviewed the summary judgment order and finds the trial court commented on warning adequacy. That comment was explicitly distinguished from the basis for summary judgment. The trial court did not err in excluding warning adequacy as a basis for summary judgment.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in N.E.2d  
1989 WL 95259 (Ohio App. 9 Dist.)  
**(Cite as: 1989 WL 95259 (Ohio App. 9 Dist.))**

Page 4

### LYNCH'S ASSIGNMENT OF ERROR IX

"The trial court failed in applying assumption of risk analysis when no motion for summary judgment was made and since the facts cannot support his defense."

### MITTEN'S ASSIGNMENT OF ERROR VI

"General knowledge that the final assembled product will explode is insufficient to establish the knowledge requirement of assumption of the risk where the employee is not injured by the final assembled product but is injured by a rapid burning of the component products and he has been told that the component products are not dangerous, and has been shown and told that the component products will not burn or explode."

Each chemical supplier submitted a motion for summary judgment. Neither chemical supplier raised the defense of assumption of the risk. A review of the summary judgment order clearly establishes that the trial court did not apply assumption of the risk analysis. The trial court discussed the employees' knowledge as it related to a duty to warn, not assumption of the risk.

For the foregoing reasons, the combined nineteen assignments of error are overruled and the judgment of the trial court is affirmed.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).

Costs taxed to appellants.

Exceptions.

MAHONEY, P.J., and QUILLIN, J., concur in judgment only.

1989 WL 95259 (Ohio App. 9 Dist.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.